UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 17-cr-20786-BLOOM**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

HERIBERTO MANYOMA DIAZ,

      Defendant.

_____/

## ORDER ON MOTION FOR MODIFICATION OF SENTENCE

**THIS CAUSE** is before the Court upon Defendant Heriberto Manyoma-Diaz's ("Defendant") Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c), ECF No. [99] ("Motion"). The Government filed a Response in Opposition, ECF No. [100]. Defendant did not file a Reply. The Court has carefully reviewed the Motion, the opposing submission, any relevant exhibits, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

### I.   BACKGROUND

On October 20, 2017, Defendant and his three co-defendants were arrested by the U.S. Coast Guard in international waters while "on board a vessel subject to the jurisdiction of the United States[.]" ECF No. [1] at 1. Defendant and his co-defendants were found on a 30-foot motorboat carrying a load of approximately 858 – 1,060 kilograms of cocaine. *Id.* ¶¶ 3, 8; ECF No. [25] ¶¶ 2-4. Defendant was indicted for possession of over five grams of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70503(a)(1) ("MDLEA"). ECF No. [1] at 1. Defendant pled guilty on December 18, 2017. ECF No. [18].

On April 5, 2018, Judge Ursula Ungaro sentenced Defendant to 120 months in prison.[1] The applicable sentencing guideline was Level 33, which provides a range of 135 to 168 months. ECF No. [74] at 4. However, Judge Ungaro sentenced Defendant to 120 months of imprisonment, the MDLEA's statutory mandatory minimum. *Id.* at 9-12.

## II. LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks a reduction of his sentence pursuant to § 3582(c)(2), which states:

---

[1] This case was subsequently reassigned to this Court on June 10, 2021. *See* ECF No. [97].

(c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

When the district court considers a § 3582(c)(2) motion, it must apply a two-step approach. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the court must determine if the defendant is eligible for relief under § 3582(c)(2), and if so, determine the "amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quotation omitted). The court must then decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence by considering the § 3553(a) factors. *Id.* "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

**III. DISCUSSION**

The Court accordingly must begin by determining if Defendant is eligible for relief under § 3582(c)(2). As noted, the Court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, Defendant contends that he is eligible for a two-level sentence reduction under 18 U.S.C. § 3582(c)(2). Defendant relies on U.S.S.G. § 4C1.1 ("Amendment 821"), the United

States Sentencing Commission's ("Sentencing Commission") recently enacted amendment.[2] *See*

U.S.S.G. § 4C1.1. Amendment 821 provides that defendants are eligible for a two-level sentence

reduction if they meet the following criteria:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

U.S.S.G. § 4C1.1(a).

Before considering whether Defendant satisfies Amendment 821's criteria, however, the

Court must determine if a two-level sentence reduction is consistent with the Sentencing

Commissions' applicable policy statement. The relevant Sentencing Commission policy statement

provides that "a reduction in the defendant's term of imprisonment is not authorized under 18

U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments

listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d)

is applicable to the defendant but the amendment does not have the effect of lowering the

---

[2] Defendant filed his Motion on September 11, 2023, before Amendment 821 became effective on November 1, 2023. The Government contends that Defendant is ineligible for a reduced sentence because the Motion was filed before Amendment 821 took effect, and because Amendment 821 does not apply to defendants set to be released before February 1, 2024. Those arguments are inapposite. Amendment 821 is now in effect, and Defendant is currently set to be released on April 28, 2025. *See* Motion at 2.

defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).[]" U.S.S.G. § 1B1.10 cmt. n.1(A).

Defendant argues a two-level reduction of his sentence is appropriate pursuant to Amendment 821 because he satisfies Amendment 821's criteria as well as the factors set forth in § 3553(a).[3] Defendant also points out that the Sentencing Commission voted to give U.S.S.G. § 4C1.1(a) retroactive effect and, as such, requests that a two-level reduction be applied to his sentence.[4]

Even assuming Defendant satisfies Amendment 821's criteria, Defendant is ineligible for a reduced sentence. As discussed, Defendant was sentenced to 120 months of imprisonment, the MDLEA's statutory mandatory minimum. ECF No. [74] at 9-12. At the time of Defendant's conviction, 18 U.S.C.A. § 3553(f)—the "safety valve" provision limiting the applicability of statutory mandatory minimums in certain cases—did not apply to MDLEA convictions. *See* 18 U.S.C.A. § 3553(f) (2017 ed.); *see also United States v. Valois*, 915 F.3d 717, 729 (11th Cir. 2019) ("[B]ecause no Title 46 offense appears in the safety valve, defendants convicted under Title 46 are not eligible for safety-valve relief.") (citing *United States v. Pertuz-Pertuz*, 679 F.3d 1327, 1328 (11th Cir. 2012)). Defendant's sentence was thus ineligible for a sentence reduction below

---

[3] The sentencing factors under § 3553(a) include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ." 18 U.S.C. § 3553(a).

[4] Defendant also requests that the Court appoint "CJA [Criminal Justice Act] counsel to represent Defendant if necessary." Motion at 2.

the statutory mandatory minimum pursuant to U.S.S.G. § 5C1.2, the sentencing guideline incorporating § 3553(f)'s "safety valve" relief.

Effective December 21, 2018, § 3553(f) was amended to include the MDLEA, among other provisions. *See* 18 U.S.C.A. § 3553(f). As the Government observes, however, the amendment to § 3553(f) does not have retroactive effect. *Id.* Defendant is accordingly "not eligible for safety-valve relief because, at the time of [his] MDLEA conviction[] under Title 46, no Title 46 offense was covered by the safety valve in § 3553(f)[.]" *United States v. Cabezas-Montano*, 949 F.3d 567, 604 (11th Cir. 2020). With § 3553(f) inapplicable to Defendant's sentence, the MDLEA's statutory mandatory minimum applies. A two-level reduction to Defendant's sentence would bring the sentence below the MDLEA's statutory mandatory minimum. Such a reduction is inconsistent with the Sentencing Commission's applicable policy statement. *See* U.S.S.G. § 1B1.10 cmt. n.1(A). Defendant is accordingly ineligible for a two-level sentence reduction under Amendment 821.

Accordingly, although Defendant is correct that Amendment 821 may be applied retroactively, Defendant's sentence is nonetheless ineligible for a two-level sentence reduction for the reasons stated above. With Amendment 821 inapplicable to Defendant's sentence, Defendant is therefore ineligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). The Court accordingly need not evaluate whether Defendant satisfies the factors set forth in § 3553(a).[5]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [99]**, is **DENIED**.

---

[5] The Court also declines to appoint counsel pursuant to the Criminal Justice Act to represent Defendant. As discussed, Defendant is ineligible for a sentence reduction.

Case No. 17-cr-20786-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 12, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**Herbierto Manyoma Diaz**
15100-104
Federal Correctional Institution – Berlin
Inmate/Parcels
P.O. Box 9000
Berlin, NH 03570