UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-20786-BLOOM

UNITED STATES OF AMERICA,

v.

HERIBERTO MANYOMA-DIAZ,

    Defendant.
_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** is before the Court upon *pro se* Defendant Heriberto Manyoma Diaz's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. [106] ("Motion"). The Government filed a Response in Opposition, ECF No. [111]. Defendant did not file a Reply. The Court has carefully considered the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

In his Motion, Defendant seeks a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant contends such relief is warranted because of his age and considering his extensive rehabilitation efforts. The Government responds that the Motion should be denied for failing to present an extraordinary and compelling circumstance justifying relief.

In order to grant Defendant's request pursuant to § 3582(c)(1)(A)(i), the Court must: (1) find Defendant has exhausted his administrative remedies with the Bureau of Prisons ("BOP"); (2) conclude that extraordinary and compelling reasons warrant compassionate release in this case; (3) weigh the relevant § 3553(a) factors; and find that (4) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Case No. 17-cr-20786-BLOOM

The Eleventh Circuit has held any such reduction must be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S.Ct. 583 ("In short, we hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13."). Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Section 1B1.13 of the Sentencing Guidelines lists the following extraordinary and compelling reasons: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while serving the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those described in (1) through (4); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

Defendant argues he is entitled to a reduced sentence because he exhausted his administrative remedies, and because his age and rehabilitation efforts constitute extraordinary and compelling reasons warranting such relief. The Government argues the Motion must be denied because, even assuming Defendant exhausted his administrative remedies, Defendant "has not described or alleged any circumstances that even resemble the provisions described in § 1B 1.13, let alone demonstrated their actual existence." ECF No. [111] at 2. The Court agrees with the Government for the reasons discussed below.

Defendant asserts that he has exhausted his administrative remedies under 18 U.S.C. §

2

Case No. 17-cr-20786-BLOOM

3582(c)(1)(A). However, the Motion fails to set forth an extraordinary or compelling reason demonstrating Defendant is entitled to a reduced sentence. Defendant cites (1) his age; and (2) his rehabilitation efforts as the basis for a reduced sentence. First, Defendant is 55 years old. Under U.S.S.G. § 1B1.13(b)(2), a defendant must be "at least 65 years old[ ]" to be eligible for compassionate release on account of their age. Defendant's age accordingly fails to provide a basis for a reduced sentence under U.S.S.G. § 1B1.13. Second, the Eleventh Circuit has squarely held "[a] defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement." *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021) (citations omitted); *see also* § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason."). Accordingly, Defendant fails to articulate an extraordinary or compelling reason providing a basis for relief under § 3582(c)(1)(A)(i). As such, the Court does not consider whether the § 3553(a) factors support this relief in light of that conclusion.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. [106]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 15, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of record

Heriberto Manyoma-Diaz
15100-104
FDC Berlin
P.O. Box 9000
Berlin, New Hampshire 03570

3